BRABANT *v.* LILLIE.

117  167
f117  170

LOG LIENS — NONRESIDENT OWNER — SERVICE OF PROCESS — JUS-
TICES' COURTS—ADJOURNMENT.

While service of a writ of attachment in proceedings instituted
in justice's court to enforce a lien for labor on logs may,
under 3 How. Stat. § 8427*f*, be made on the agent of the
owner, where the latter is not the defendant named in the
writ, and is a nonresident of the State, the plaintiff is bound
in such case, under section 8427*k*, providing that the pro-
ceedings shall follow the general statute, "except as herein
otherwise provided," to cause an adjournment to be taken
for 30 days, in accordance with 2 How. Stat. § 6846.

Case made from Menominee; Stone, J. Submitted April
7, 1898. Decided May 18, 1898.

Trover by Joseph Brabant against James Lillie. There
was a judgment for plaintiff, and defendant assigns error.
Reversed.

*Sawyer & Waite*, for appellant.

*Norwood Bowers*, for appellee.

HOOKER, J. James Lillie was a resident of the State
of Illinois, but carried on business under the name of the
Lillie Lumber Company at Talbot, Mich., where he
owned timbered lands. In the winter of 1895 and
1896, one George Smith made a contract with Lillie
to cut and get out certain forest products, and Smith em-
ployed the plaintiff to assist him, and the work was per-
formed. On February 25, 1896, the statement of lien
required by 3 How. Stat. § 8427*b*, was duly filed; and on
April 1, 1896, proceedings were commenced by attach-
ment on his behalf, as provided in 3 How. Stat. § 8427*f*,
against Smith. Judgment was rendered against Smith

on the 16th day of April, 1896, for $24 and costs. The return shows that certified copies of the writ of attachment and inventory were served personally upon George Smith, and also upon the Lillie Lumber Company, by delivering the same to one Huebel, the agent of said company; that none of the members of the company resided or could be found within the State. The return bore no date. On September 11, 1896, a summons returnable September 16th was issued against James Lillie, and was seasonably served upon him personally. This was followed by a judgment in trover for the. conversion of the logs, from which a special appeal was taken to the circuit court, where it was affirmed, so far as the special questions were concerned; and, upon a trial of · the merits before the circuit judge, plaintiff recovered a judgment of $36 and costs. Counsel assign error, alleging that the court erred in admitting the original judgment, upon the ground that it was void, for the reason that there was no personal service upon defendant, nor an adjournment of the cause for 30 days, under 2 How. Stat. § 6846.

3 How. Stat. § 8427$k$, provides:

"All writs of attachment issued under the provisions of this act by any of the circuit or justice courts of this State shall be served and returned as ordinary writs of attachment are served and returned in said courts, respectively, except as herein otherwise provided; and the pleadings and all subsequent proceedings shall be the same as in other cases of attachment, except as herein otherwise provided."

The service in this cause was not such as is provided by the justice act (2 How. Stat. §§ 6840, 6841); but it was according to the method specifically pointed out in 3 How. Stat. § 8427$f$, and was therefore excluded from the operation of section 8427$k$ by the words "except as herein otherwise provided," contained therein. This section, however, provides that all subsequent proceedings shall be the same as in other cases of attachment, except as therein otherwise provided; and there is nothing in the log-

lien statute, that we have found, that relieves the plaintiff from the necessity of causing an adjournment in accordance with 2 How. Stat. § 6846, where the defendant is not personally served. The log owner was not a defendant in the sense of being a debtor; but he was to all intents and purposes a defendant, for his property was subject to seizure for the debt of another. Under section 8427*f*, service might be made as late as the return day, while under the justice act it must be made six days earlier. To hold that section 6846 has no application would subject a nonresident log owner, not served with process, to the danger of rendition of judgment against his property on the same day that service is made upon the agent, and upon the trial of the action against the debtor. *Streeter* v. *McMillan*, 74 Mich. 123.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.